```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

GEORGINA CATI,

    Plaintiff,

v.                            Case No. 8:20-cv-2961-T-33TGW

DONALD R. COULSON,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Georgina Cati initiated this car accident case in state court on May 29, 2020. Thereafter, on December 11,

2020, Defendant Donald R. Coulson removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 8). Instead, in its notice of removal, Coulson relied upon a pre-suit demand letter for $224,741.33 to establish the amount in controversy. (Doc. # 1 at 4).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 3). Specifically, the Court concluded that the pre-suit demand letter was insufficient to establish that the

amount in controversy exceeds $75,000. (Id.)(citing Lamb v. State Farm Fire. Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010)(stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction")). The Court noted that Cati had incurred less than $20,000 in past medical expenses — far below the jurisdictional threshold. (Doc. # 3). The Court gave Coulson an opportunity to provide additional information to establish the amount in controversy.

Coulson has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 5). But Coulson still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Coulson emphasizes a pre-suit email exchange between his insurance company and Cati's counsel, in which Cati's counsel rejected a settlement offer of $90,000 and demanded $325,000. (Id. at 4-7). However, the Court finds that these settlement negotiations reflect puffing and posturing as much as the pre-suit demand letter did. Such demand for $325,000 is not an accurate estimate of the damages at issue in this case, and thus does not satisfy the amount in controversy requirement.

Again, according to Coulson's notice of removal, the only concrete damages at issue in this case — past medical expenses, lost wages, and non-medical out-of-pocket expenses — total less than $21,000. (Doc. # 1 at 4). Any other damages based on future loss of income, future medical expenses, or pain and suffering are too speculative to include in the Court's calculation. See Pennington v. Covidien LP, No. 8:19-cv-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019)(excluding lost wages and pain and suffering damages from the amount in controversy calculation because the Court "would [] be required to engage in rank speculation to ascribe any monetary value to these damages").

In short, Coulson has not carried his burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

4

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of December, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE